UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF TUPPER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CV-00986 JAR |
| ) | |
| ST. FRANCOIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jeff Tupper brings this action under 42 U.S.C. § 1983 and state law arising from the death of his wife Tabitha Tupper while a pretrial detainee in the custody of the St. Francois County Jail in October 2017. Plaintiff alleges Defendants, including Heather Smith, a licensed practical nurse at the Jail, and Charles Pewitt, D.O., the primary care physician for the Jail, were deliberately indifferent to Tabitha's serious medical needs in violation of her Fourteenth Amendment rights. This matter is currently before the Court on Defendant Dr. Charles Pewitt's Motion to Quash Subpoena to AT&T Custodian of Records. (Doc. No. 41). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

On March 21, 2022, Plaintiff Jeff Tupper served a subpoena on Dr. Pewitt's cell phone provider, AT&T, seeking "detailed telephone and text data records for calls and messages" between Dr. Pewitt and Nurse Smith on October 2, 2017. According to Plaintiff, Nurse Smith examined Tabitha on October 2, 2017 and then contacted Dr. Pewitt to report her observations and Tabitha's symptoms. The subpoena seeks:

> Detailed telephone and text data records for calls and messages sent between phone numbers (573) 579-1774 and (636) 232-3767 on October 2, 2017, and a certification stating that these records are business records kept in the usual course of business.

(Doc. No. 41-1). Pewitt's cell phone number is the first number listed, Smith's is the second number.

Dr. Pewitt objects on the grounds that the language of the subpoena is overbroad and includes the substance of text message conversations between Defendants Pewitt and Smith which could contain confidential medical information of nonparties.[1] In response, Plaintiff argues the subpoena does not seek transcripts of the phone calls or text messages but rather "call logs," and thus could not possibly include any private medical information. This is not however the language Plaintiff used in the subpoena. It appears that the subpoena is overbroad as drafted. The Court will, therefore, grant Defendant's motion in part and direct Plaintiff to amend the subpoena to request logs as opposed to "detailed telephone and text data records" which will serve to exclude the protected health information of Dr. Pewitt's other patients.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Charles Pewitt's Motion to Quash Subpoena to AT&T Custodian of Records [41] is **GRANTED in part**.

Dated this 8th day of April, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Dr. Pewitt also objects to the subpoena on the grounds that it was improperly served and requests compliance beyond permissible geographical limits. As Plaintiff correctly points out, Dr. Pewitt lacks standing to object on these grounds. (Doc. No. 44 at 4-5).