**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFF TUPPER, | ) | |
|         Plaintiff, | ) | |
| | ) | 4:20-CV-000986 JAR |
| v. | ) | |
| | ) | ACTION FOR DAMAGES |
| ST. FRANCOIS COUNTY, et al., | ) | |
| | ) | JURY TRIAL DEMANDED |
|         Defendants. | ) | |
| | ) | |

**PLAINTIFF JEFF TUPPER'S MOTION TO APPROVE WRONGFUL DEATH AND MINORS' SETTLEMENT WITH DEFENDANT DR. CHARLES PEWITT**

    **I.    INTRODUCTION**

This is a §1983 and wrongful death case arising out of the death of Tabitha Tupper at the St. Francois County jail in October 2017. The plaintiff is Jeff Tupper, Tabitha's husband. The defendants are St. Francois County, its jail nurse, several St. Francois County sheriff's deputies who were on staff at the jail when Tabitha died, and Dr. Charles Pewitt, the jail's doctor.

There are three wrongful death beneficiaries in addition to Jeff Tupper: Tabitha's two minor children, A.T., age 10, and T.T., age 16, and Tabitha's mother, Mary Hawley.

Jeff Tupper has agreed to a settlement with Dr. Pewitt only. Because the case involves a wrongful death claim, and because the wrongful death beneficiaries include minors, court approval of the settlement is required under Mo. Rev. Stat. § 537.095.1 and Mo. Rev. Stat. § 507.184.

As shown below, the settlement is fair and reasonable and should be approved.

## II.   BACKGROUND

On October 9, 2017, Tabitha Tupper, who was 32 at the time, died while in custody at St. Francois County Jail. Tabitha died of complications from a cerebral abscess. For at least 10 days before she died, Tabitha was having symptoms consistent with a neurological illness.

Jeff Tupper sued defendants under 42 U.S.C. § 1983 and the Missouri wrongful death statute, Mo. Rev. Stat. § 537.095.1. The Complaint alleges that defendants acted with deliberate indifference to Tabitha's serious medical needs in violation of the Fourteenth Amendment.

After conducting fact and expert discovery, the parties participated in a mediation on September 14, 2022, with James Reeves serving as mediator. The mediation resulted in a settlement between Tupper and Dr. Pewitt. The settlement resolves all of Tupper's claims against Dr. Pewitt. A true and correct copy of the Settlement Agreement and release is attached to the Declaration of Vincent Colianni ("Colianni Decl.") as Exhibit 1, which has been filed under seal.  Exhibit 1 includes the amount of the settlement.

Tupper agreed to pay his attorneys, Colianni & Colianni, and Manley, Karraker & Karraker, one-third of the gross amount of any settlement or judgment. The fee agreement provides that costs will be paid out of the beneficiaries' share of the settlement. Colianni Decl. ¶ 4 & Exh. 2.  The case costs are $37,454.81.  *Id.* ¶ 4.

Jeff Tupper, Mary Hawley, and Victoria Glenn, as next friend of A.T. and T.T., have agreed to apportion the net settlement proceeds as follows:

Jeff Tupper - 18%

A.T. - 40%;

      T.T. - 40%

      Mary Hawley - 2%

Declaration of Jeff Tupper ("Tupper Decl.") ¶ 4; Declaration of Mary Hawley ("Hawley Decl.") ¶ 3; Declaration of Victoria Glenn ("Glenn Decl.") ¶ 6.

### III.    THE COURT SHOULD APPROVE THE SETTLEMENT

#### A.    Wrongful Death Settlement

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095. To obtain approval, a plaintiff must demonstrate that: (1) he diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, § 537.080.1; (2) the settlement amount is fair and reasonable, § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, § 537.095.4(2). *See e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010); *Clark v. Gen. Motors, LLC*, 2015 WL 11023441 (W.D. Mo. 2015).[1]

Here, all three requirements are satisfied. First, Jeff Tupper has notified all of the wrongful death beneficiaries of the settlement — Mary Hawley, and A.T. and T.T., through

---

[1] The wrongful death statute directs courts, upon approval of a settlement, to apportion damages to all entitled individuals and order the claimant:
(1) To collect and receipt for the payment of the judgment;
(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;
(3) To acknowledge satisfaction in whole or in part for the judgment and costs;
(4) To distribute the net proceeds as ordered by the court; and
(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.
Mo. Rev. Stat. § 537.095.

their next friend, Victoria Glenn. Tupper Decl. ¶ 5. Therefore, Tupper has satisfied the statutory notice requirement.

Second, the settlement amount is fair and reasonable. In § 1983 wrongful death cases, damages are limited to those that the descendent could have recovered had she lived, including damages for pain and suffering before death, loss of enjoyment of life, and lost future earnings. *Andrews v. Neer*, 253 F.3d 1052, 1063 (8th Cir. 2001). The wrongful death beneficiaries may not recover damages for their grief and their own loss of consortium. *Id.* at 1063-64.

The settlement with Dr. Pewitt is reasonable as a partial settlement of this case. This settlement does not resolve Tupper's claims against St. Francois County and its nurse and deputies. Tupper will seek additional damages from these defendants.

In terms of apportioning the settlement proceeds, this court has complete discretion. *See Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court."). The court is not required to award an equal portion of the settlement proceeds to each person included in the class of persons entitled to sue for wrongful death. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. App. 1996). If reasonable, courts may defer to the beneficiaries' agreement to divide the proceeds. *See Flowers v. United States*, 2021 WL 412275, at *2 (W.D. Mo.) (approving beneficiaries' agreed upon division of settlement proceeds); *Lewis v. Blue Springs Sch. Dist.*, 2018 WL 1126751, at *2 (W.D.) (same).

Here, the beneficiaries' proposed apportionment of the settlement proceeds is reasonable. The minor children will benefit the most, as they should.

Third, the attorneys' fees here are reasonable and comport with the Missouri Rules of Professional Conduct. *See* Mo. R. Prof. Conduct 4-1.5(a). Tupper's attorneys have performed substantial work preparing for and prosecuting this lawsuit, including hiring and preparing experts, taking and defending depositions and engaging in written discovery and motion practice. *See* Colianni Decl. ¶ 7. Tupper's attorneys also assumed the risk that they would recover no fees in the event Tupper did not prevail. Under these circumstances, a contingency fee of one-third of the gross settlement is reasonable. *See Hinrichs v. Roberts Trading Co.*, 2016 WL 4083488, at *1 (W.D. Mo.) (approving 40% contingency fee in wrongful death case).

In sum, all three factors favor approving the wrongful death settlement.

**B.     Settlement of a Minor's Claim**

Under Missouri law, a lawsuit by a person under 18 may be settled only by an appointed representative such as a guardian, conservator, next friend, or guardian ad litem. Mo.Rev.Stat. §§ 507.110, 507.115; Y.*W. v. Nat'l Super Mkts.*, 876 S.W.2d 785, 788 (Mo. App. 1994). The Court has authority to: (1) approve a proposed settlement of a minor's claim; (2) authorize the next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorney's fee and any reasonable expenses. Mo.Rev.Stat. § 507.184. Here, Victoria Glenn, Tabitha Tupper's sister, will ask to be appointed as next friend of A.T. and T.T., and Jeff Tupper will be seeking a conservatorship for both minors.

The purpose of the statute is "to maximize the protection afforded a minor's legal action and insure that any settlement is in the best interest of the child." *Fiegener v.*

*Freeman–Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. App. 1999). In reviewing a proposed settlement, the court must keep in mind that minors are considered wards of the court and their rights must be "jealously guarded as provided by statute." *Id.*

Here, this settlement is reasonable and in the best interests of A.T. and T.T, for the same reasons the wrongful death settlement is reasonable. The Court should approve it.

## IV.   CONCLUSION

For the foregoing reasons, the Court should approve the settlement.

                **COLIANNI & COLIANNI, LLC**
                Attorneys for Plaintiff Jeff Tupper

DATED:  November 18, 2022    By:   /s/Vincent Colianni, II
                                                     Vincent Colianni, II, #768VI
                                                     Marina Leonard, #R2058VI
                                                     4001 Village Run Road
                                                     Wexford, PA 15090
                                                     Telephone: (340) 719-1766
                                                     Facsimile: (340) 719-1766
                                                     vinny@colianni.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                   /s/Vincent Colianni, II